**IOWA HOME MUTUAL CASUALTY COMPANY, a corporation, Plaintiff in Error,**

v.

**Johnie MUSSETT, Defendant in Error.**

**No. 38418.**

Supreme Court of Oklahoma.

July 21, 1959.

Robert D. Simms, County Atty., Donald D. Cameron, Asst. County Atty., Tulsa, for plaintiff in error.

David H. Sanders, Bert McElroy, Tulsa, for defendant in error.

John R. Couch, Melvin F. Pierce, Pierce, Mock & Duncan, Oklahoma City, for plaintiff in error.

Mart Brown, Oklahoma City, for defend-'ant in error.

HALLEY, Justice.

This action to recover damages for alleged breach of contract was filed on July 19, 1957, by Johnie Mussett, against Iowa Home Mutual Casualty Company, a corporation, in the District Court of Oklahoma County, and resulted in a judgment for plaintiff for $2,958 and the defendant has

appealed. The parties will be referred to as plaintiff and defendant as they appeared in the trial court or by name.

The plaintiff, Johnie Mussett, is a citizen of Oklahoma County, and defendant an Iowa corporation licensed to write workmen's compensation insurance policies in Oklahoma. Johnie Mussett operates a business designated as "masonry", and is classed as hazardous.

On July 11, 1955, Claud E. Bennett, one of Mussett's employees, sustained an accidental injury. He filed his claim for workmen's compensation benefits with the State Industrial Commission, naming the defendant as Mussett's compensation insurance carrier, and the plaintiff as respondent, being Industrial Commission Case No. C-52291.

On March 26, 1956, the Trial Commissioner heard Bennett's claim, and found that he sustained an accidental personal injury arising out of and in the course of his hazardous employment with respondent as alleged and that at the time respondent was covered by a workmen's compensation policy with the Iowa company mentioned which was responsible for the payment of benefits of the workmen's compensation law. He was held to be entitled to compensation at the rate of $28 per week, being temporarily totally disabled to September 11, 1955, for which he was entitled to recover $205.-33. It was further found that claimant sustained 20 per cent partial disability to his left arm for which he was entitled to compensation in the amount of $1,400, all payable in a lump sum and that respondent or his insurance carrier pay necessary medical bills and expenses incurred by claimant for travel at the request of respondent for treatments or examinations.

The Industrial Commission ordered the respondent or his insurance carrier to pay claimant $1,605.33, less tax and attorney fee; to contribute to the special indemnity fund; pay 20 per cent of the award to claimant's attorney; that the insurance carrier or respondent pay necessary medical bills, travel expense for travel requested by respondent. The respondent or insurance carrier were ordered to file with the Commission a proper receipt showing compliance with the order within 20 days.

This order of the Industrial Commission became final on June 7, 1956. On January 30, 1957, the State Industrial Commission certified this final award to the judgment docket of the District Court of Oklahoma County for collection through execution process. The defendant sought in the Supreme Court to prevent the Industrial Commission from so certifying the award. This request was denied. The defendant also sought in the District Court to enjoin the enforcement of the judgment by execution.

On May 31, 1957, the District Court of Oklahoma County dismissed the application of the insurance carrier for a restraining order and injunction against Johnie Mussett and Bennett from enforcing the order of the Industrial Commission entered March 26, 1956. Thirty days were allowed to appeal to the Supreme Court, but on June 19, 1957, the insurance carrier, being the defendant in the case at bar, paid the claimant Bennett a tempoarry award of $205, and partial permanent award of $1,400, less claimant's attorney fees and tax, as ordered by the order of March 26, 1956.

It appears that Johnie Mussett had had insurance policies with the Iowa Company for some years prior to 1955, and contends that they held something over $100 when in 1955 he applied for a policy. The application was forwarded to Des Moines where it was executed and returned to the Oklahoma City office, with a demand that the employer deposit $400, which he failed to do. This was on May 15, 1955. The claimant was injured July 11, 1955. The policy was not delivered to the employer and never cancelled as required by its terms. The Iowa Company did notify the employer that the policy was cancelled and at first refused to pay for the injuries suffered by employee, Bennett. No appeal was taken from this order of March 26, 1956. As stated above the Iowa company finally paid

**556**

Bennett. In the meantime the employer had secured a policy from another company.

The insurance policy of the Iowa company expressly provided that the company would pay promptly any sum due any person under the workmen's compensation law and defend on behalf of the employer any suits or other proceedings that might be instituted against the employer even though such suits or proceedings were false or fraudulent.

When the insurance carrier settled with the injured workman, Bennett, it refused to recognize its responsibility to the employer and refused to pay him for any of the various items of expense that the employer had incurred by employing an attorney to represent him in the various hearings and proceedings had before the Industrial Commission, the District Court and the Supreme Court. It appears that the order of the Industrial Commission en banc which provided that the employer or his insurance carrier pay the amount awarded to claimant, was filed in the office of the Clerk of the District Court and entered on the judgment docket and became an obligation of the employer as any ordinary judgment. Since the insurance carrier refused to defend or to make any payment whatever until it finally agreed to pay and did pay the injured employee, it was necessary for the employer to employ counsel to represent him. It is to recover such expenses that the present action arose.

Defendant submits its first proposition in this appeal as follows:

"In an action founded upon an alleged written contract, plaintiff may not recover damages for defendant's breach of provision thereof without proof of the existence and validity of such contract relied upon."

■ In answer to the above proposition the plaintiff, Mussett, points out that this is a law action wherein he seeks to recover damages against defendant for breach of an insurance contract for failure of defendant to defend an action before the State Industrial Commission and other tribunals

and otherwise to carry out the terms of the insurance contract found by the State Industrial Commission to have been in effect at the time of the injury suffered by an employee of the plaintiff. This finding and order of the Commission was never appealed from and this contention by the defendant insurance carrier would appear to be a collateral attack upon the unappealed from judgment of the State Industrial Commission wherein it expressly found that:

"That the policy of the Iowa Home Mutual Casualty Company delivered to its General Agent and dated with effective date of May 15, 1955, to May 15, 1956, was in effect at the time of the accident; and that said respondent and insurance carrier, Iowa Home Mutual Casualty Company, are liable for the payment of the order written by the Trial Judge on March 26, 1956, which order is hereby adopted and affirmed."

■ The above constitutes conclusive finding of fact and is not subject to collateral attack here as to existence of an insurance contract between plaintiff here and the defendant on the date the employee, Bennett, was injured. The order of the Industrial Commission was introduced in evidence and it was not appealed from.

In United States Fidelity & Guaranty Co. v. Superior Court of City and County of San Francisco, 214 Cal. 468, 6 P.2d 243, it is said:

"Issue respecting existence, at time of employee's injury, of insurance policy affording employer compensation coverage, held concluded by Industrial Commission's unappealed decision."

This Court has held that the Industrial Commission has to determine the relationship of employer and insurance carrier on the date on which the employee is injured, in compensation hearing where the injured employee is interested, as here. In Tri-State Casualty Ins. Co. v. Bowen, 189 Okl. 97, 113 P.2d 981, 982, this Court said:

"The sole issue is whether or not the Commission had jurisdiction to make a determination that petitioner,

Tri-State Casualty Insurance Company, was the employer's insurance carrier on the date of the injury, and whether it erred in so doing."

At page 982 of 113 P.2d this Court said:

"Section 2, Chapter 29, Session Laws 1933, 85 Okl.St.Ann. § 41, in part, provides: 'Upon application of claimant, respondent or insurance carrier the Commission may set down for hearing any claim for compensation, and, after notice to the adverse party shall proceed to hear and determine the liability of respondent and insurance carrier and or extent of disability of claimant, * * *.'"

The Court discussed this question fully and concluded as follows:

"It is therefore clear that since there is an express grant of power and authority to determine the liability of the insurance carrier to the claimant, it necessarily follows that the Commission was vested with authority to determine whether or not the policy was effective on the date of the injury, for only in this manner may the relationship of employer and insurance carrier be established."

■ The rule announced in the Bowen case, supra, was recently followed in Hughes v. State Industrial Commission, Okl., 273 P.2d 450. In that case the State Insurance Fund issued a workmen's compensation policy to Hughes, an individual, d/b/a Butternut Baking Company. Later the Insurance Fund learned that the company was a corporation. The Insurance Fund retained the premiums and made no effort to cancel the policy. Hughes was killed. Administrators of his estate claimed compensation before the Industrial Commission, naming Butternut Baking Company as respondent and the Insurance Fund as its insurance carrier. In a trial before the Industrial Commission, the State Insurance Fund, through its attorneys sought to protect the Fund's interest, but refused to protect Hughes, by contending the Butternut Baking Company, a corporation, was not

covered. The Industrial Commission held that claimant was entitled to the death benefits against the Butternut Baking Company, a corporation only, and dismissed the claim against the State Insurance Fund. The Butternut Baking Company appealed to the Supreme Court at its own expense on the sole question of the liability of the State Insurance Fund. This Court held that that portion of the order dismissing the claim against the State Insurance Fund was erroneous and ordered the Commission to amend the order and make the award a joint order against the State Insurance Fund and the Butternut Baking Company, a corporation. The Court found that the policy of insurance existing at the time of the death of Hughes contained a standard provision as set out in Butter Nut Baking Company v. State Insurance Fund, Okl., 294 P.2d 842, 843:

"Does hereby agree with this Employer, * * * Three. To defend, in the name and on behalf of this Employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."

The Butternut Baking Company, a corporation, sued the State Insurance Fund in the District Court of Oklahoma County for its failure to defend as to the Hughes claim filed against it before the Industrial Commission, and alleged that in order to protect its rights it was forced to employ an attorney at a cost of $4,000 to appeal the judgment rendered by the Industrial Commission to the Supreme Court, which ordered the Industrial Commission to enter a joint award against the corporation and the Insurance Fund, which then filed a special appearance and plea to the jurisdiction of the District Court, alleging that the State Industrial Commission had sole jurisdiction to hear and consider the issues involved and prayed that plaintiff's case be dismissed.

The Insurance Fund, in its contention that the Industrial Commission had sole jurisdiction, cited 85 O.S.1951 § 30, which provides in part as follows:

"* * * Claims for legal services in connection with any claim arising under this act, and claims for services or treatment rendered or supplies furnished pursuant to section 4, of article 2 of this act, shall not be enforceable unless approved by the Commission. If so approved such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Commission."

Later in Butter Nut Baking Company v. State Insurance Fund, supra, this Court reversed the ruling of the District Court with directions to set aside the judgment dismissing the corporation's cause of action and to overrule the Insurance Fund's contention as to exclusive jurisdiction of the Industrial Commission. At page 845 of the opinion, the Court said:

"We cannot agree with defendant's contention that the district court had no jurisdiction over the subject matter of plaintiff's action. The action is one to recover damages against defendant because of its alleged failure to defend the claim for compensation filed before the State Industrial Commission on behalf of the surviving widow of deceased as it agreed to do under the terms of the policy issued by it. We think it quite clear that it was within the jurisdiction of the district court of Oklahoma County to determine and settle such issue and that the defendant is in error in contending the sole and exclusive jurisdiction was in the State Industrial Commission to determine such issue. * * *

"We think this section when properly construed confers jurisdiction upon the State Industrial Commission to fix and allow claims for attorney fees for attorneys representing claimant only and cannot be construed to authorize it to fix and allow fees for services of attorneys representing the employer and/or his insurance carrier; nor does it purport to confer jurisdiction upon the State Industrial Commission to "determine a controversy between an employer and his insurance carrier arising out of a contract entered into between the parties in which compensation claimant is in nowise interested. * *"

In the third paragraph of the syllabus the rule is clearly stated as follows:

"Insurer's failure to defend compensation claim within the purview of workmen's compensation insurance policy issued by insurer constitutes a breach of insurance contract and the insured may maintain an action at law against insurer to recover all damages sustained by him because of such breach and in such action may recover as an element of damages reasonable attorney fees incurred in defense of said claim before the State Industrial Commission and in this Court on appeal."

Defendant submits as its second proposition the following:

"The State Industrial Commission has jurisdiction limited to a determination of the rights, under Workmen's Compensation Act, of an injured employee against his employer and the latter's insurance carrier; and such determination of an employee's rights is not an adjudication of any right or duty existing between the employer and an insurance carrier, excepting only insofar as either, or both, become liable to the employee."

The plaintiff submits as a counter proposition, in substance, that Section 2, Chapter 29, Session Laws of 1933, which is 85 O.S.1951 § 41, expressly fixes authority in the Industrial Commission to determine and enforce the liability of the insurance carrier to the claimant, and that when specific powers are granted, there is also authorized the exercise of such incidental powers as are necessary to accomplish the object

sought by the Legislature. That since there is an express grant of power to it to determine liability of the insurance carrier to claimant, the Industrial Commission had authority to determine whether the insurance policy was effective on the date of injury, because only in this manner may relationship of employer and insurance carrier be established.

We do not find in any of the cases cited by the defendant any ruling under similar facts that is contrary to the rules above set out in Bowen and Hughes cases, supra.

Defendant submits as its third proposition the following:

"Recoverable damages, flowing from breach of an insurer's obligation to defend compensation claim, properly include only those costs and reasonable attorney's fees incurred by the insured in investigation and actual defense of the claim, per se, and in any direct appeal on the merits thereof by the employer or employee, but do not properly include those incurred for the purpose of enforcement of the insurance contract."

It would seem from the third proposition that defendant believes it is liable for attorney fees incurred by the plaintiff for investigating, and actually defending against the claim of the claimant, Bennett, before the Industrial Commission, but is not liable for attorney fees in representing plaintiff before the Commission en banc, the District Court of Oklahoma County and the Supreme Court.

We agree with plaintiff that this is an action for damages for breach of an obligation arising from contract. The insuring agreements in the contract between the plaintiff and defendant are in part as follows:

"I. Coverage A—Workmen's Compensation: To pay promptly when due all compensation and other benefits required of the insured by the workmen's compensation law.

"Coverage B—Employers' Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident or disease, including death at any time resulting therefrom, sustained in the United States of America, its territories or possessions, or Canada by any employee of the insured arising out of and in the course of his employment by the insured either in operations in a state designated in Item 3 of the declarations or in operations necessary or incidental thereto.

"II. Defense, Settlement, Supplementary Payments: As respects the insurance afforded by the other terms of this policy the company shall:

"(a) defend any proceeding against the insured seeking such benefits and any suit against the insured alleging such injury and seeking damages on account thereof, even if such proceeding or suit is groundless, false or fraudulent; * * *"

The measure of damages for breach of obligation arising from contract is fixed by Section 21, 23 O.S.1951, as follows:

"For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."

We find no error in the judgment of the trial court in allowing judgment for plaintiff in the sum of $2,958.60 and find that the evidence is sufficient to support such findings and conclusions that the defendant violated the express terms of its insurance policy in forcing the insured to defend its rights in all of the proceedings above mentioned, when it was the duty of the defendant to protect the insured under the express

terms of the policy of insurance it had issued but failed to comply with. The judgment is affirmed.

WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.