**VICTORE INSURANCE COMPANY,**
Plaintiff/Appellant,

v.

James D. **FOSTER**, an individual,
Defendant/Appellee,

and

S & J Contractors, Inc., a corporation, Myron S. Coleman, an individual, and First Southern Bank, N.A. a National Banking Association, Defendants.

No. 87293.

Court of Civil Appeals of Oklahoma,
Division No. 1.

April 1, 1997.

Robert L. Magrini, Evan B. Gatewood, Oklahoma City, for Plaintiff/Appellant.

Scott R. Tack, Chickasha, for Defendant/Appellee.

## OPINION

HANSEN, Presiding Judge.

Appellant, Victore Insurance Company, sued Appellees to recover its losses under an indemnity agreement. The indemnity agreement provided Appellee James D. Foster, among others, agreed to indemnify Victore against all loss, cost, liability, damages, attorneys' fees and expenses which Victore might sustain or incur by reason of its execution of construction bonds on behalf of S & J Contractors, Inc. S & J defaulted on the bonded construction project and Victore was forced to complete the project. Victore incurred substantial attorneys' fees resolving the bond claims.

As a result of the default, Victore filed suit against its indemnitors, including Foster, seeking indemnity for all investigative costs and attorneys' fees incurred as a result of issuing bonds to S & J. Victore also sought, pursuant to the indemnity agreement, to recover the fees and expenses incurred in *enforcing* the indemnity agreement.

Victore obtained a default judgment against Foster[1] for the full amount of its loss, including interest, costs, and attorneys' fees. However, the journal entry of judgment was silent as to the amount of the fees. The judgment was entered on November 23, 1992.

In April of 1993, Foster filed a petition to vacate the default judgment. The trial court did not overrule his petition until February 10, 1995. Victore then moved to establish the total amount of attorneys' fees due it from Foster under the judgment. Foster objected. In response, Victore points out that after the judgment was entered, it tried to locate Foster and found he owned a piece of real estate on which Victore could execute. Victore emphasizes it continued to attempt collection.

After the trial court overruled Foster's petition to vacate the judgment, the parties attempted to come to a settlement agreement. When those attempts failed, Victore filed its motion to set the amount of attorneys' fees owed.

After hearing, the trial court found Victore's request came too late and denied its motion. Victore now appeals to this Court.

Foster defended against setting an amount of attorneys' fees based on 12 O.S.1993 Supp. § 696.4(B). This statute, not effective until October of 1993, provides:

> If attorneys' fees, costs or interest have not been included in the judgment, decree or appealable order, a party seeking any of these items must file an application with the court clerk along with the proof of service of the application on all affected parties in accordance with Section 2005 of this title. The application must set forth the amount requested and include information which supports that amount. . . . The application must be filed within thirty (30) days after the date of mailing of copies of the judgment, decree or appealable order as shown by the Certificate of Mailing. . . .

However, this statute was not in effect at the time the judgment was rendered. In addition, attorneys' fees and costs *were* included in the judgment. But at the time it issued, no *Burk*[2] hearing to set the amount had been held.

■ Our standard of review on the issue of the correctness of a trial court's decision as to attorneys' fees is that of abuse of discretion. In *G.A. Mosites Co. of Ft. Worth, Inc. v. Aetna Casualty and Surety Company*, 545 P.2d 746 (Okla.1976), the appellant urged it was error to allow attorneys' fees to the appellees after the judgment was rendered in their favor. Appellees in their pleadings had asked for costs but not attorneys' fees and at no time up to the judgment did they ask for attorneys' fees. No statute or court rule set the time for filing of the motion for attorneys' fees and no authority was cited as to the necessity to pray for attorneys' fees before judgment or the right to award them afterwards. The Supreme Court held be-

---

1. Victore and First Southern Bank settled by agreement. S & J Contractors and Coleman confessed judgment and were jointly and severally liable with Foster on the judgment. Victore only sought attorney fees from Foster.

2. *State ex rel. Burk v. City of Oklahoma City,* 598 P.2d 659 (Okla.1979).

cause the appellant was not prejudiced and no unreasonable delay was indicated, the trial court did not abuse its discretion in awarding attorneys' fees after judgment.

Here, Foster did not give evidence he was in any way prejudiced by Victore's decision not to seek a *Burk* hearing until after Foster's motion to vacate had been ruled upon by the trial court. Foster presented none of the elements necessary to support a defense predicated on laches or estoppel.

In addition, the judgment was not final until the trial court had ruled on Foster's motion to vacate. Accordingly, we hold it was an abuse of discretion to deny Victore the benefits of its judgment awarding it attorneys' fees. The effect of the trial court's denial of Victore's motion to determine the amount of attorneys' fees to which it was entitled, was to vacate that portion of the judgment awarding the attorneys' fees.[3] The trial court has no authority to do so on its own after 30 days. 12 O.S.1991 § 1031.1.

We reverse the judgment of the trial court denying Victore's application to set the amount of attorneys' fees and remand for a *Burk* hearing to determine a reasonable amount.

REVERSED AND REMANDED WITH DIRECTIONS.

JOPLIN and BUETTNER, JJ., concur.

---

3. Victore points out that under the contract for indemnity attorney fees were an element of its damages. In this case Victore could maintain an action at law against Foster to recover all damages sustained by it because of Foster's breach and in such action, it could recover as an element of damages reasonable attorney fees. *See Iowa Home Mutual Cas. Co. v. Mussett,* 342 P.2d 553 (Okla.1959); *Griffin v. Bredouw,* 420 P.2d 546 (Okla.1966).