1999 OK CIV APP 61

**BARBY ENERGY CORPORATION,**
Plaintiff/Appellant,

v.

**MARLIN OIL CORPORATION,**
Defendant/Appellee.

**No. 91,274.**

Court of Civil Appeals of Oklahoma,
Division No. 1.

May 6, 1999.

Michael F. Stake, Woodward, for Appellant.

Terry W. Tippens, Harry H. Selph, II, Todd A. Nelson, Oklahoma City, for Appellee.

## OPINION

CARL B. JONES, Chief Judge:

¶ 1  On September 8, 1997, the trial court, pursuant to a settlement agreement, gave judgment to Appellant, Barby Energy Corporation.  The order stated that Barby should have judgment for costs, exclusive of attorney fees "permitted under 12 O.S. §§ 1106, 928, 942 or any other applicable law, the amount to be determined by the Court." On November 7, 1997, Barby filed its motion to assess costs.  Marlin received Barby's motion and the same day advised his counsel that the motion was untimely filed.

¶ 2  At hearing on Barby's motion, Marlin argued strenuously that the costs requested were unwarranted and excessive.  However, the main thrust of its objection was that the motion was not filed within thirty days of the judgment and thus was untimely under 12 O.S.1997 Supp. § 696.4(B).  That section provides:

> If attorney's fees, costs or interest have not been included in the judgment, decree or appealable order, a party seeking any of these items must file an application with the court clerk along with the proof of service of the application on all affected parties in accordance with Section 2005 of this title.  The application must set forth the amount requested and include information which supports that amount.  The application must be filed with thirty (30) days after the filing of the judgment, decree or appealable order.

¶ 3  The trial court agreed and denied Barby's motion.  The court stated at the hearing that it found "to recover the costs in the case the application for costs would have

to be timely filed and in this case they were not." Barby appeals.

¶4 Barby argues § 696.4(B) is not applicable to his motion in that costs were included in the judgment. He cites *Victore Insurance Company v. Foster,* 1997 OK CIV APP 23, 940 P.2d 236 in support of his thesis. That case also involved a judgment where costs were included in the judgment but was silent as to the amount. While recognizing § 696.4 was not in effect at the time of the judgment, that court pointed out attorney fees and costs were included in the judgment. Clearly that statement is nothing more than *obiter dicta* and not ruling case law.

¶5 In this action, liability for costs was fixed, (costs were included in the judgment) but the amount remained to be determined. Where liability has been determined but the amount of that liability has not been determined there is no judgment. Illustrative of this principle is the fact that the judgment for costs and fees could not have been executed upon in that undetermined state. A "judgment" is the final determination of the rights of the parties in an action, and must finally determine the rights of the parties and preclude further inquiry into the issues joined by the pleadings, leaving nothing to be done except to carry it into execution. *Mabry v. Baird* 1950 OK ——, 219 P.2d 234, 203 Okla. 212.

¶6 For the first time on appeal Marlin calls this Court's attention to subsection A of § 696.4. That section provides:

A judgment, decree or appealable order may provide for costs, attorney's fees and interest or any of these items, but it need not include them. The preparation and filing of the judgment, decree or appealable order shall not be delayed pending the determination of these items. Such items may be determined by the court if a timely request is made regardless of whether a petition in error has been filed.

¶7 Marlin's argument at the hearing addressed only the 30–day restriction, and correctly so. There was no judgment for costs, and thus subsection (B) directly controls this action. The attorneys fees and costs had not been finally determined, and subsection (B)

controls. Hence, the applicant had thirty days to file an application along with proof of service and information supporting the amount sought. The application was clearly out of time, as the trial court held. The trial court did not err in applying the 30 day rule of § 696.4(B) in its decision. Accordingly, the judgment is affirmed.

¶8 AFFIRMED.

ADAMS, J., concurs.

HANSEN, P.J., dissents with separate opinion.

Dissenting opinion by CAROL M. HANSEN, Presiding J.

¶1 The majority is confused. Section 696.4(B) provides if attorney fees have not been included in the "judgment, decree or appealable order" then the party must file an application for those fees within 30 days. The majority says if there is no determination of the *amount* of attorney fees then no judgment exists and the prevailing party must file an action to set the amount within 30 days. Of *course* if there is no determination of the amount of attorney fees there is no judgment for *attorney fees.* But to what "judgment" does that sentence apply? Surely not the judgment for attorney fees. That construction would result in a ludicrous reading of the statute to mean "if attorney fees have not been included in the judgment for attorney fees." The only sensible reading of the statute would reflect that the "judgment decree or appealable order" refers to the judgment on the action itself, which is certainly an appealable order even if the amount of attorney fees has not been determined.

¶2 Pursuant to the settlement agreement between the parties, where Marlin offered to pay all costs permitted by law, the trial court did give judgment to Barby. In other circumstances, Marlin could have appealed that judgment or Barby could have executed on it regardless of the absence of a judgment for costs and attorney fees. Subsection A of the statute provides: "The preparation and filing of the judgment decree or appealable order shall not be delayed pending the determination of these items" (the costs, and attorney

fees). Under the majority's view, what judgment does this refer to if none exists?

¶ 3 Marlin's argument at the hearing addressed only the 30 day restriction. There is no other argument regarding whether Barby's filing of its motion 60 days after the hearing was "timely" under subsection A. of the statute. Further Marlin did not present any argument or evidence that it was in any way prejudiced by any delay in Barby's filing of the motion. In my opinion the trial court erred in applying the 30 day rule in its decision.

¶ 4 After being granted its request for attorney fees by the judgment, Barby should not lose its right to a hearing on its application to set the amount of attorney fees by some trick of statute or trap for the unwary. I therefore dissent.