23CA1849 NGC v Marbella Ventures 10-16-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1849
Adams County District Court No. 20CV30010
Honorable Teri L. Vasquez, Judge

---

NGC Development, LLC, a Florida limited liability company,

Plaintiff-Appellant,

v.

Marbella Ventures, LLC, MarQuest, LLC, and Charles Santaularia,

Defendants-Appellees.

---

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE HARRIS
Brown and Lum, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 16, 2025

---

Davis Graham & Stubbs, LLP, Brandee L. Caswell, Denver, Colorado, for
Plaintiff-Appellant

Foster Graham Milstein & Calisher, LLP, R. Livingston Keithley, Denver,
Colorado, for Defendants-Appellees

¶ 1    Plaintiff, NGC Development, LLC (NGC), appeals the trial court's order awarding attorney fees to one of the defendants, Marbella Ventures, LLC (Marbella). We affirm the order and remand for further proceedings.

## I.    Background

¶ 2    NGC acquired the fifteen-acre property that is the subject of this litigation in 2010. For nearly a decade, NGC failed to pay the real estate taxes on the property, ultimately accruing a tax debt of over $600,000. In August 2018, the taxing authority notified NGC that if the delinquent taxes were not paid by November 29, NGC would lose title to the property.

¶ 3    On November 29, Russell Mills, acting as NGC's manager, struck a deal with defendant Charles Santaularia, a real estate investor. Mills agreed to transfer the property to Marbella, a company Santaularia controlled, and, in exchange, Santaularia agreed to pay the past due taxes by the deadline and to allow NGC to repurchase the property at a steep premium.

¶ 4    Though time was of the essence, Santaularia refused to make any payment to the taxing authority until he obtained an executed written contract from NGC. Santaularia later testified that he filled

out two form purchase and sale contracts and reviewed them to ensure they contained the "correct terms that [the parties] agreed upon." One form contract documented the parties' agreement to transfer the property to Marbella by warranty deed in exchange for $605,000 from Santaularia, and the other documented the agreement to allow NGC to buy back the property within ninety days for $1.5 million (together, the Agreement). Mills (on behalf of NGC) and Santaularia (on behalf of Marbella) initialed each page of the Agreement.

¶ 5     The Agreement included the following attorney fees provision:

¶ 6         LEGAL FEES, COST AND EXPENSES.
            Anything to the contrary herein
            notwithstanding, in the event of any
            arbitration or litigation relating to this
            Contract, prior to or after Closing Date, the
            arbitrator or court must award to the
            prevailing party all reasonable costs and
            expenses, including attorney fees, legal fees
            and expenses.

¶ 7         Santaularia paid the delinquent taxes on November 29, and Mills executed a quitclaim deed conveying the property to Marbella. (A second quitclaim deed was issued several months later to correct the legal description in the original deed.)

¶ 8     Despite several extensions of the buy-back deadline, NGC never exercised its right to repurchase the property.  In June 2019, the property was transferred to defendant MarQuest, LLC, another entity controlled by Santaularia, and then sold to Westminster Station Northgate, LLC (WSN) for $3.25 million.

¶ 9     NGC later sued Santaularia, his two entities, and WSN,[1] asserting quiet title and unjust enrichment claims.  NGC's primary theory at the seven-day bench trial was that Mills lacked authority to sign the deed conveying the property to Marbella and, as a result, the deed was void or voidable.

¶ 10    The trial court entered judgment in favor of the defendants on both claims.  As relevant here, the trial court's fifty-six-page final order (the merits judgment) included factual findings that

- the "purchase and sale contracts confirm[ed] [the parties'] agreement" for NGC's sale of the property to Marbella in exchange for Santaularia's payment of the taxes and a buy-back provision;

---

[1] WSN was a defendant in the trial court but was dismissed from the appeal by stipulation of the parties.

- Santaularia "did not pay the outstanding taxes until he received the fully signed and executed purchase contract from NGC"; and

- "NGC and Marbella . . . fully executed the contract . . . whereby NGC agreed to convey the [p]roperty to Marbella."

¶ 11   The court also determined that "any defects in the [original] deed to Marbella [did not] render the deed a forgery or fraudulent deed" because the Agreement expressed the parties' intent to convey title to the property to Marbella.

¶ 12   After prevailing at trial, Marbella moved for attorney fees under the Agreement's fee-shifting provision.  NGC objected on the ground that the Agreement was unenforceable.  Specifically, NGC contended that, contrary to the trial court's factual findings, the Agreement did "*not* document" the parties' bargain but was instead a "sham" contract that neither party intended to perform and amounted to a "usurious loan disguised as a real estate transaction."

¶ 13   Meanwhile, NGC appealed the trial court's merits judgment.  In April 2023, more than four months after it objected to Marbella's

attorney fee request, NGC filed its opening brief on appeal.[2]  While NGC argued that the Agreement was contrary to public policy, it did not challenge the trial court's factual finding that the Agreement documented Mills and Santaularia's deal concerning the sale of the property.[3]  A division of this court rejected NGC's arguments on appeal, affirmed the merits judgment, and awarded Marbella its appellate attorney fees under the Agreement.  *See NGC Dev., LLC v. Westminster Station Northgate, LLC*, (Colo. App. No. 22CA1692, Dec. 28, 2023) (not published pursuant to C.A.R. 35(e)).

¶ 14     While the appeal was pending, the trial court granted Marbella's motion for attorney fees.  It concluded that NGC's "late hour" attack on the Agreement's validity constituted "a new theory of interpretation of the Agreement" that could "not defeat an award

---

[2] We take judicial notice of the filings in the related appeal under CRE 201(b).  *See Schnelle v. Cantafio*, 2024 COA 17, ¶ 2 n.1, *aff'd*, 2025 CO 39.

[3] Indeed, in its "factual background," NGC acknowledged that, after the parties came to an agreement, "Santaularia prepared and Mills executed three documents: (1) a quitclaim deed from NGC to Marbella; (2) an agreement for NGC to sell the [p]roperty for $605,000; and (3) an agreement for NGC to repurchase it 60 [sic] days later for $1.5 million," and that "Santaularia paid the property taxes after receiving a signed contract for NGC to sell the [p]roperty."

of attorney fees." After adjusting the lodestar amount for some duplication by the attorneys, the court awarded Marbella approximately $467,000 in fees.

## II. NGC's Challenge to the Attorney Fee Award[4]

¶ 15    NGC argues that the trial court erred in awarding attorney fees because (1) the Agreement did not document the parties' actual bargain, so the fee-shifting provision does not apply; (2) even if the Agreement documented the parties' bargain, the Agreement is unenforceable as a matter of law; and (3) even if the Agreement is enforceable and the fee-shifting provision applies, Marbella is not entitled to the amount of attorney fees awarded. We conclude that the first and second arguments are foreclosed by the trial court's unchallenged factual findings and the third argument fails on the merits.

## A. Standard of Review

¶ 16    We review a trial court's decision whether to award attorney fees for an abuse of discretion. *S. Colo. Orthopaedic Clinic Sports*

---

[4] NGC also challenged the trial court's cost award, but only to the extent the merits judgment was reversed on appeal. Because the merits judgment was affirmed by the prior division, and no petition for certiorari was filed, we need not address this issue.

6

*Med. & Arthritis Surgeons, P.C. v. Weinstein*, 2014 COA 171, ¶ 8. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair or is based on a misapplication of the law. *Front Range Res., LLC v. Colo. Ground Water Comm'n*, 2018 CO 25, ¶ 15. "Accordingly, a trial court's determination of a reasonable attorney fee award will generally not be disturbed on review unless it is patently erroneous and unsupported by the evidence." *Planning Partners Int'l, LLC v. QED, Inc.*, 2013 CO 43, ¶ 12.

### B.     The Parties' Bargain

¶ 17     NGC contends that the parties entered into "two separate and distinct agreements" — "one oral and one written." According to NGC, the parties neither intended to nor did perform under the written agreement (i.e., the Agreement), rendering the Agreement a "sham." Therefore, NGC says, the Agreement's fee-shifting provision does not apply.

¶ 18     NGC acknowledges, though, that the trial court made a contrary factual finding: that Santaularia and Mills "executed purchase and sale contracts confirming [their] agreement." NGC now argues that the court's finding is clearly erroneous, but it did not challenge the finding in its prior appeal, even though, by that

time, NGC had objected to Marbella's fee request, in part on the ground that the Agreement did not memorialize the parties' bargain. NGC cannot collaterally attack the trial court's factual finding in this separate appeal. *See, e.g., Lake Durango Water Co. v. Pub. Utils. Comm'n*, 67 P.3d 12, 21-22 (Colo. 2003) (party could not collaterally attack underlying judgment through an appeal of an attorney fee award); *Brennan v. Grover*, 404 P.2d 544, 546 (Colo. 1965) ("A losing party cannot re-litigate the issue of title to property previously decided against [it]" through a collateral attack on the judgment.); *Iowa Home Mut. Cas. Co. v. Mussett*, 1959 OK 143, ¶ 13 (in an action by employer to recover attorney fees based on the insurance company's failure to defend in a workers' compensation case, the insurance company could not collaterally attack the administrative commission's earlier factual finding that an insurance contract existed between the parties, as that finding was not appealed).

¶ 19     But even if NGC could collaterally attack the merits judgment's factual findings, it would have to show that the findings were clearly erroneous. *Winston v. Polis*, 2021 COA 90, ¶ 10 (A trial court's factual findings are binding on appeal "unless so clearly

erroneous as to find no support in the record."). And NGC cannot make this showing. The trial court's finding that the parties' bargain was documented in the Agreement is amply supported by the record, including by Santaularia's testimony to that effect.

¶ 20 As a result, any arguments premised on the theory that the Agreement did not express the parties' bargain are necessarily foreclosed. This means we reject NGC's argument that the parties' entered into "two distinct contracts: one oral and one written"; the trial court "enforced the oral agreement, not the written contract"; and because only the "written" contract contained the fee-shifting provision, the provision did not apply and the court erred by awarding attorney fees based on it.

¶ 21 For the same reason, we reject the argument that because the "written" contract did not express the parties' bargain and was never intended to be performed, it amounted to an unenforceable "sham" contract, under which fees could not be awarded.

¶ 22 NGC's waiver argument is likewise foreclosed by the court's binding factual findings. According to NGC, only the oral agreement was presented to and enforced by the court. Therefore, it argues, by not "pleading any claim or defense based on the

written contract," Marbella waived its right to enforce the fee-shifting provision. That argument assumes two separate contracts, in contradiction to the court's finding.

### C. Enforceability of the Agreement

¶ 23    NGC next contends that regardless of whether the Agreement represents the parties' bargain, it is unenforceable as a matter of law because (1) the Agreement lacked consideration, and (2) the Agreement was a loan disguised as a conveyance.

### 1. Lack of Consideration

¶ 24    As we understand the first argument, NGC now claims that a checked box in the Agreement required *NGC*, as well as Santaularia, to pay the past due property taxes, effectively canceling out Marbella's $605,000 in consideration.

¶ 25    But again, the trial court found otherwise. The court determined that the Agreement, which reflected the parties' bargain, called for Santaularia to "pay off the taxes *for* NGC" (emphasis added) in exchange for a deed to the property. That determination is supported by the testimony of NGC's own expert. The expert testified that the initial purchase and sale contract represented the "agreement for Marbella to buy [the property] from NGC" for "the

10

$605,000 to pay the taxes." No witness testified, and NGC never argued at trial or in the prior appeal, that under the Agreement, NGC was obligated to pay the property taxes.

¶ 26    Regardless of whether the trial court's determination represents an interpretation of the contract or a factual finding, it was unchallenged at trial and on appeal, so we may not revisit it in this collateral proceeding. *See Lake Durango Water Co.*, 67 P.3d at 21-22.

### 2.    Sale Versus Loan

¶ 27    NGC also contends that the transaction described in the Agreement is a loan disguised as a conveyance — in other words, that Marbella was a lender, not a buyer. This argument, too, is foreclosed by the trial court's findings and the prior division's holding.

¶ 28    In its answer and throughout trial, Marbella asserted that regardless of whether Mills had authority to execute the Agreement and deeds, it was a bona fide purchaser of the property. The trial court agreed, finding that Santaularia gave sufficient value for the property, acted in good faith, and lacked notice of any title defect.

11

*See Strekal v. Espe*, 114 P.3d 67, 74 (Colo. App. 2004) (defining bona fide purchaser).

¶ 29      On appeal, NGC challenged the trial court's bona fide purchaser determination, but not on the ground that the Agreement reflected a loan transaction, and that Marbella was therefore merely a lender and not a purchaser at all. Rather, it argued that Marbella did not pay value for the property or act in good faith, and that Santaularia had inquiry notice of Mills's lack of authority. The prior division rejected that argument and affirmed the trial court's determination that Marbella was a bona fide purchaser. *See NGC*, No. 22CA1692, slip op. at ¶¶ 48-63.

¶ 30      If Marbella is a bona fide purchaser, it necessarily follows that the Agreement and deeds conveyed the property rather than effectuated a short-term loan.

¶ 31      We reiterate that at the time of the prior appeal, NGC had already objected to Marbella's request for attorney fees under the Agreement. One of its objections was that the Agreement and the deeds reflected "an unlawful usurious loan disguised as a real estate transaction." Notwithstanding this objection, it failed to

challenge the trial court's contradictory bona fide purchaser finding on that basis.

¶ 32    We are in no position in this attorney fee appeal to unwind the trial court's merits judgment and the prior division's affirmance. *See Lake Durango Water Co.*, 67 P.3d at 21-22.

### D.    Amount of Fees

¶ 33    Marbella was the only defendant who was a party to the Agreement.  Thus, only Marbella was entitled to recover attorney fees under the Agreement's fee-shifting provision.  *See Harwig v. Downey*, 56 P.3d 1220, 1221-22 (Colo. App. 2002) (only parties to the contract and third-party beneficiaries may enforce a fee-shifting provision).

¶ 34    Marbella and Santaularia were jointly represented by two lawyers from different law firms.  The trial court accepted the lawyers' argument that apportionment of fees between Marbella and Santaularia was unwarranted because all of the fees would have been incurred even if Marbella had been the sole defendant.

¶ 35    On appeal, NGC says that the court erred by awarding $210,000 in fees to one lawyer, Elliot Fladen, because those fees "were not Marbella's legal responsibility to pay."  According to NGC,

Fladen's engagement letter obligated only Santaularia, not Marbella, to pay Fladen's fees.

¶ 36 Fladen's engagement letter used the term "You" to refer to Santaularia, Marbella, and MarQuest. Under the terms of the letter, Santaularia, Marbella, and MarQuest ("You") were responsible for payment of all fees, expenses, and costs.

¶ 37 To show otherwise, NGC relies exclusively on paragraph 20 of Fladen's engagement letter. That paragraph requires Santaularia to "personally" pay "all [Fladen's] bills that arise under this agreement that have not otherwise been paid." We agree with Marbella that this provision does not cancel any client's obligation to pay Fladen's fees; it serves as Santaularia's personal guaranty to cover the fees if no other client pays them.

III. Marbella's Request for Appellate Attorney Fees

¶ 38 Marbella asserts that the Agreement's fee-shifting provision entitles it to an award of its reasonable appellate attorney fees. We agree.

¶ 39 "When a contract contains a fee-shifting provision and the prevailing party requests appellate attorney fees and explains the legal and factual basis for the award, we may award appellate

14

attorney fees." Veolia Water Techs., Inc. v. Antero Treatment LLC, 2024 COA 126, ¶ 155 (cert. granted Sept. 2, 2025). And under C.A.R. 39(a)(2), if a judgment is affirmed on appeal, "costs are taxed against the appellant."

¶ 40    Marbella is the prevailing party in this appeal. NGC did not object to an award of appellate attorney fees, and we see no basis to deny the award. Accordingly, we grant Marbella's request and exercise our discretion under C.A.R. 39.1 to remand the case to the trial court to determine Marbella's reasonable attorney fees and costs incurred on appeal.

IV.    Disposition

¶ 41    The order is affirmed, and the case is remanded for a determination of Marbella's reasonable appellate attorney fees.

JUDGE BROWN and JUDGE LUM concur.